IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-00118-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| GABRIEL CORTEZ PEELE, | ) | |
| Defendant. | ) | |

This matter is before the court on Gabriel Cortez Peele's Motion for Documents [DE-29]. In his motion, Peele requests a free copy of the following documents: the transcript from his sentencing hearing, the court's docket sheet, his Judgment, supervision status letter, filings from the U.S. District Court, and discovery.

Title 28, United States Code, Section 753 addresses the circumstances under which transcripts may be provided to an indigent defendant at the government's expense. The statute, in pertinent part, provides:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f). An indigent defendant may be entitled to transcripts at the government's expense if he has stated a proper ground for relief and the transcripts are indispensable. *United States v. Glass*, 317 F.2d 200, 202-03 (4th Cir. 1963). An indigent defendant is not entitled to transcripts at the government's expense "merely to comb the record in the hope of discovering

some flaw." *Id.* at 202.

Peele has requested a copy of this court's docket sheet and his November 9, 2011 Judgment, and these requests shall be ALLOWED. With respect to his request for the transcript from his sentencing hearing, Peele states only that he is attempting to file a § 2255 motion. The court concludes that Peele has failed to state a particularized need for the transcript, and for this reason, Peele's request for a free copy of the transcript from his sentencing hearing is DENIED. As to the remainder of the documents Peele is seeking, the court is unclear exactly what Peele is attempting to get. Thus, the requests for his supervision status letter, filings from the U.S. District Court, and discovery are DENIED.

In light of the foregoing, Peele's Motion for Documents [DE-29] is ALLOWED in part and DENIED in part. The Clerk of Court is DIRECTED to mail Peele a copy of this court's docket sheet and his November 9, 2011 Judgment [DE-25].

SO ORDERED.

This, the 3rd day of July, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge