IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-00118-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GABRIEL CORTEZ PEELE, | ) | |
| Defendant. | ) | |

This matter is before the court on Gabriel Cortez Peele's August 27, 2014 letter motion [DE-31]. In his letter motion, Peele requests a free copy of the following documents: the court's docket sheet, his sentencing hearing transcript, discovery, filings from the U.S. District Court, and his supervision status letters.

Title 28, United States Code, Section 753 addresses the circumstances under which transcripts may be provided to an indigent defendant at the government's expense. The statute, in pertinent part, provides:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f). An indigent defendant may be entitled to transcripts at the government's expense if he has stated a proper ground for relief and the transcripts are indispensable. *United States v. Glass*, 317 F.2d 200, 202-03 (4th Cir. 1963). An indigent defendant is not entitled to transcripts at the government's expense "merely to comb the record in the hope of discovering

some flaw." *Id.* at 202.

A review of the record reveals that Peele made a request for some of the same documents on July 1, 2014 [DE-29]. Specifically, Peele requested the following: the transcript from his sentencing hearing, the court's docket sheet, his Judgment, supervision status letter, filings from the U.S. District Court, and discovery. In its July 3, 2014 Order, the court allowed Peele's request for the court's docket sheet and his November 9, 2011 Judgment, and the documents were mailed to Peele. With respect to the request for the transcript from his sentencing hearing, the court denied the request on the basis that Peele failed to state a particularized need for the transcript. As to the supervision status letter, filings from the U.S. District Court, and discovery, the requests were denied on the basis that the court was unable to determine specifically what Peele was attempting to get.

As noted, pursuant to the court's July 3, 2014 Order, Peele was mailed a copy of the court's docket sheet on July 3, 2014. The court concludes that Peele has, once again, failed to state a particularized need for his sentencing hearing transcript. As to the requests for discovery, filings from the U.S. District Court, and his supervision status letters, the court remains unclear specifically what Peele is requesting. For these reasons, Peele's August 27, 2014 letter motion [DE-31] is DENIED.

SO ORDERED.

This, the 29 day of August, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

2